IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOSE G. CASTILLO-BOCANEGRA,

        Defendant.

Case No. 05-10199-JTM

MEMORANDUM AND ORDER

The present matter arises from defendant's motion to dismiss pursuant to 28 U.S.C. § 2255. For the following reasons, the court denies defendant's motion.

The defendant pled guilty to one count of possession with the intent to distribute methamphetamine on March 27, 2006. The plea resulted from a plea agreement and petition to enter plea, which was accepted by the court after the court determined that the defendant entered into the plea agreement knowingly, freely, and voluntarily. Following the plea, the U.S. Probation Office prepared a pre-sentence investigation report (hereinafter "PSIR"). The defendant originally filed eleven objections to the original PSIR including objections to the defendant's criminal history; however, the U.S. Probation Office resolved the objections. The defendant did not object to the final PSIR.

The final PSIR held the defendant responsible for 120.36 grams of actual methamphetamine, which resulted in a base offense level of 32. After three levels were deducted for acceptance of responsibility, the total offense level was 29. Defendant was placed in category

II with three criminal history points. A total offense level of 29 and a criminal history category of II resulted in a 97 to 121 month guideline range.

The court sentenced defendant to 97 months in prison to be followed by 4 years of supervised release. The defendant did not file a direct appeal of the sentence. On January 8, 2007, defendant filed the present motion.

Defendant outlines three bases for his motion. First, he argues that the court erred by failing to deduct the safety valve points; that the court erred by not accepting and imposing the sentence recommended by the United States Attorney; and that defendant received ineffective assistance of counsel.

Under *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004), a defendant's waiver of his appellate rights is binding when (1) the scope of the waiver covers the present appeal; (2) the waiver was knowing and voluntary; and (3) enforcement of the waiver would not result in a miscarriage of justice. *Id*. at 1325. When a defendant premises his § 2255 motion on ineffective assistance of counsel, miscarriage of justice is demonstrated when the ineffective assistance is "in connection with the negotiation of the waiver." *Id*. at 1327. ". . . [A] plea agreement waiver of post-conviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." *U.S. v. Cockerham*, 237 F.3d 1179, 1187 (2001).

The defendant's plea agreement states:

> **9. Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.

> The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Plaintiff's Exhibit A, ¶ 9.

Under oath, the defendant acknowledged entering into the plea agreement including the appeal waiver freely and voluntarily. He also swore he understood and agreed to the plea agreement. The plea agreement binds the defendant to its terms and conditions, including the waiver of his right to appeal the sentence. The only exceptions under the plea agreement to this waiver are: 1) where the court departs upward from the applicable sentencing range; and 2) if the United States appeals the sentence. The court did not depart upward from the applicable sentencing range; in fact, the court imposed the low end of the sentencing range, at 97 months. And, the United States did not appeal the sentence.

The defendant may collaterally attack the sentence by claiming ineffective assistance of counsel in connection with the negotiating the waiver. In this case, defendant alleges that his counsel was ineffective because he failed to explain to the defendant:

3

> [H]is right to withdraw his plea if the judge did not accept the recommendation of sentence. . . . [D]id not file an appeal regarding the fact that the court had not honored the plea agreement. . . . [and] [D]id not argue the upward departure of the points given to the defendant/petitioner and for the safety valve deduction.

Defendant's Motion to Vacate (Dkt. No. 33), pg. 3.

The court disagrees with defendant's arguments. With respect to defendant's first, second, and fourth allegations, the government recommended a sentence at the low end of the applicable guideline range. The court honored the plea agreement and sentenced the defendant to the low end of the applicable guideline range, which was not an upward departure. Defendant did not qualify for the safety valve provision because he had three criminal history points. *See* 18 U.S.C. § 3553(f) (the safety valve applies if (1) the defendant has no more than one criminal history point; (2) the defendant did not "use [or threaten] violence" nor possess a dangerous weapon; (3) "the offense did not result in death or serious bodily injury to any person"; (4) the defendant did not organize the offense; and (5) the defendant has completely cooperated with the investigation.).

The court, therefore, finds that defendant is bound by his plea agreement and dismisses his motion to vacate the sentence.

IT IS ACCORDINGLY ORDERED this 27th day of March, 2007, that defendant's motion to vacate (Dkt. No. 33) is denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE